UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/20
```

DINO ANTOLINI

        Plaintiff(s),

-against-

110 Thompson St Owners Corp, et al.

        Defendant(s).

19 CIV. NO. 10567

**Civil Case Management Plan and Scheduling Order**

  The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

**1.**  **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on January 14, 2020.

**2.**  **Alternative Dispute Resolution / Settlement:**

  **a.**  Settlement discussions have ☐ / have not ☑ taken place.

  **b.**  The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

  **c.**  The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

  Plaintiff would be amenable to Mediation at the close of Discovery.

1

  **d.** The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

  **e.** The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.** **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

Plaintiff(s):

Plaintiff contentions include no access due to the five steps(photos attached to Complaint)to the Restaurant Ciccio)due to insurmountable barriers,See Kreisler v.Second Avenue Diner Corp.,731 F.3d 184;and additional barriers, including no accessible path to the restroom,in conjunction insufficient accessibility and

Defendant(s):

Validity of claimant and claim; barrier removal sought are not readily achievable; and reasonable and effective alternatives to barrier removal exist.

**4.** **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

Plaintiff is a resident of the county, City and State of New York. The issues raised in this action are federal questions; hence, subject matter and venue are proper before this Court. 28 U.S.C. §§1331, 1343, 1367(a); 1391(B), 2201.

**5.** **Subjects on Which Discovery May Be Needed:**

Plaintiff(s):

All Discovery requests previously propounded to Defendants.

<u>Defendant(s)</u>:

Defendants seek a preliminary deposition of Plaintiff by February 15, 2020 to validate his identity and to validate the claim, with Plaintiff being required to bring two forms of identification to the deposition.

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than <u>February 28, 2020</u>.

7. **Amended Pleadings:**

   a. No additional parties may be joined after <u>April 1, 2020</u>, without consent or leave of Court.

   b. No amended pleadings may be filed after <u>April 1, 2020</u>, without consent or leave of Court.

8. **Fact Discovery:**

   a. All fact discovery shall be completed by <u>June 30, 2020</u>.

   b. Initial requests for production were/will be served by <u>March 1, 2020</u>. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by <u>March 1, 2020</u>. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by <u>June 30, 2020</u>.

   e. Requests to admit shall be served by <u>Within 30 days of defendants' depo</u>.

   f. The parties propose the following limits on discovery:

   g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

3

       the Court, provided that the parties meet the deadline for completing fact discovery.

    h.    The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

9. **Expert Discovery (if applicable):**
   a.  The parties do ✔ / do not ☐ anticipate using testifying experts.
   b.  Anticipated areas of expertise:
       Architect, General Contractor and Accounting
   c.  Expert discovery shall be completed by September 30, 2020, with Plaintiff.
   d.  By 6/30/20, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.
   e.  The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

10. **Electronic Discovery and Preservation of Documents and Information:**
    (If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at:
    https://nysd.uscourts.gov/hon-robert-w-lehrburger.
    a.  The parties have ☐ / have not ✔ discussed electronic discovery.
    b.  If applicable, the parties shall have a protocol for electronic discovery in place by N/A.

4

  **c.** The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

   N/A

**11.** **Anticipated Motions** (other than summary judgment, if any):

**12.** **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

**13.** **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**14.** **Trial:**

  **a.** All parties do ☐ / do not ☑ consent to a trial before a Magistrate Judge at this time.

  **b.** The case is ☑ / is not ☐ to be tried to a jury.

5

   c.   The parties anticipate that the trial of this case will require __3-4__ days.

15. **Other Matters the Parties Wish to Address (if any):**

   Per the Initial Pretrial Telephone Conference held on 1/15/2020, Plaintiff's counsel Stuart H. Finkelstein shall produce a sworn affidavit or declaration from his client indicating that Mr. Finkelstein has been authorized to represent him in bringing this action. Such an affidavit or declaration shall be produced to Defendants' counsel by January 29, 2020. All discovery production deadlines will begin 30 days after receipt of that document by Defendants' counsel.

   Defendants' Third-Party Complaint shall be filed by January 22, 2020.

16. The Court will fill in the following:

   ☐ A status conference will be held before the undersigned on _____ at _____.m. in Courtroom 18D, 500 Pearl Street.

   ☒ The parties shall submit a joint status letter every __60__ days and shall also inform the Court at the time the parties believe a settlement conference would be fruitful.

Dated: __1/15/2020__

SO ORDERED.

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S):
Stuart H. Finkelstein
ATTORNEY NAME(s):

DEFENDANT(S):
Barry Brownstein and Todd Manister
ATTORNEY NAME(s)

338Jericho Turnpike
Syosset, New York 11791

ADDRESS

TEL: 718) 261-4900

EMAIL: sf@finkelsteinlawgroup.com

Ward Law, LLC
1370 Broadway, 5th Floor
New York, New York 10018

ADDRESS

TEL: 215-647-6602; 646-780-7278

EMAIL: bbrownstein@thewardlaw.com

7