# WARD LAW, LLC

## StraightforWard Legal Advice

1370 Broadway
5th Floor
New York, NY 10018
Tel: 646.380.1823
Fax: 646.380.1220
*www.thewardlaw.com*

**Barry S. Brownstein**
*Partner*
Direct: 215.647.6602
Cell: 215.901.9408
Fax: 267.350.8753
*bbrownstein@thewardlaw.com*
Admitted in PA, NJ & NY

June 10, 2020

Honorable Robert W. Lehrburger
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:** **Dino Antolini v. Lynne Kanter, et al.**
> **Case No. 1:19-cv-10567-PGG-RWL**

Dear Judge Lehrburger,

Our firm represents Defendants, Sebastien Pourrat and Soseb, LLC (hereinafter "Defendants"), in the above-referenced matter. We submit this letter in opposition to Plaintiff's Motion to Strike Defendants' pleadings and assert that, based upon an analysis of the relevant factors discussed below, Plaintiff's motion should be denied and no sanctions should be imposed against Defendants.

When exercising the discretion to impose the appropriate sanction under Rule 37(b), courts in the Second Circuit consider four non-exclusive factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S.E.C. v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013), *as amended* (Nov. 26, 2013) (quoting S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010). "Prejudice to the moving party may also be a significant consideration, though not an absolute prerequisite in all circumstances." Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n, 319 F.R.D. 122, 126 (S.D.N.Y. Nov. 9, 2016) (citing S. New Eng. Tel. Co., 624 F.3d at 147).

# WARD LAW, LLC
Straight ForWard Legal Advice

June 10, 2020
Page 2

Rule 37(b) authorizes a broad range of sanctions for failure to comply with discovery requirements. These measures are "extreme sanctions, to be deployed only in rare situations." Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1064 (2d Cir. 1979). In United States Freight Co. v. Penn Central Transportation Co., 716 F.2d 954 (2d Cir. 1983) (per curiam), the court stated that, "[s]tanding alone, a single pretrial violation, such as [a] party's failure to respond to a document request by the date ordered, would not ordinarily result in an imposition of a sanction of such finality as striking [a defendant's] answer and entering judgment by default."

With respect to the first factor, "[n]oncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." Thompson v. Jam. Hosp. Med. Ctr., 2015 U.S. Dist. LEXIS 157304, 2015 WL 7430806, at *3 (S.D.N.Y. Nov. 20, 2015) (quoting Babadzhanova v. Merck & Co. (In re Fosamax Prods. Liab. Litig.), 2013 U.S. Dist. LEXIS 40502, 2013 WL 1176061, at *2 (S.D.N.Y. Mar. 31, 2013). Pursuant to the Court's Order of April 9, 2020, this matter was stayed for sixty days from April 9, 2020 – June 8, 2020. Pursuant to Governor Cuomo's Order, non-essential businesses (and non-phase 1 businesses) were closed during the discovery stay, maintaining 100% remote workforce from the home, which applied to accountants. Due to that closure, as well as other factors relating to the COVID-19 pandemic, factors beyond Defendants' control, Defendants have not yet been able to obtain the financial documents ordered to be produced. In addition, the Court's Order of April 9, 2020 does not set forth a specific deadline for production of the specified documents, nor has Plaintiff sought clarification with respect to that deadline relative to the June 8, 2020 expiration of the stay. Accordingly, for the aforementioned reasons, any alleged noncompliance with the Court's Order of April 9, 2020 was not willful.

With respect to the second factor, there are two important limitations on a court's exercise of discretion under Rule 37(b): the sanctions imposed must be "just" and "the severity of the sanction must be commensurate with the non-compliance." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007). Thus, a court "should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." Grammar v. Sharinn & Lipshie, P.C., 2016 U.S. Dist. LEXIS 15235, 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016). Defendants dispute that there has been a discovery violation, and therefore no sanctions are warranted. However, should the court decide that sanctions are warranted, the alleged discovery violation may be remedied by including a date certain for the production of the financial documents in the revised Case Management Plan and Scheduling Order.

With respect to the third factor, courts "have found noncompliance for a period of several months sufficient to warrant dismissal or default." Urbont v. Sony Music Entm't, 2014 U.S. Dist. LEXIS 163057, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) (granting default sanctions

## WARD LAW, LLC
Straight ForWard Legal Advice

June 10, 2020
Page 3

where defendant failed to participate in discovery for over a year, and had made no contact with counsel or the court for over six months).  Since the April 9, 2020 Court Order does not contain a specific deadline for production of the specified documents, there has been no failure to comply with the order.  However, even if such documents were due to be produced on June 8, 2020, there was only a one day period of noncompliance on the date Plaintiff's motion was filed.

With respect to the fourth factor, "[c]ourts are generally hesitant to impose terminating sanctions before warning the offending litigant." Grammar, 2016 U.S. Dist. LEXIS 15235, 2016 WL 525478, at *4 (citing Johnson v. Strive E. Harlem Emp't Grp., 990 F. Supp. 2d 435, 455 (S.D.N.Y. 2014)).  "[S]evere sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued non-compliance and has nevertheless refused to comply." Urbont, 2014 U.S. Dist. LEXIS 163057, 2014 WL 6433347, at *3.  Here, since there has no prior noncompliance, Defendants have not been warned that sanctions may be imposed for continued noncompliance.

Defendants have provided responses to Plaintiff's discovery requests and have produced documents in this matter.  Accordingly, Plaintiff cannot cite to any history of noncompliance.  There remains the production of documents set forth in the April 9, 2020 Order.  When Plaintiff contacted Defendants concerning those documents, Defendants responded that they were going to propose a deadline for responses to all outstanding discovery during the telephone conference next week, including Plaintiff's responses to Defendants' discovery requests, which were due on April 20, 2020.  Finally, since this matter was stayed for sixty (60) days, Plaintiffs have suffered no prejudice by the fact that such documents have not yet been produced.

For the foregoing reasons, Defendants submit that no sanctions should be imposed, and Plaintiff's motion should be denied.  Furthermore, Defendants propose that the revised Case Management Plan and Scheduling Order provide that all outstanding discovery be produced by July 15, 2020.

Respectfully submitted,

**WARD LAW, LLC**

Barry S. Brownstein

BSB/aw
cc: Stuart Finkelstein, Esq. (Via ECF)
    Todd Manister, Esq. (Via ECF)
    Stacey Ramis Nigro, Esq. (Via ECF)