STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

June 9th, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/2020
```

Judge Robert W. Lehrburger
Southern District of New York
500 Pearl Street- Courtroom 18D
New York, New York 10007

Re: Antolini vs. 110 Thompson St Owners Corp, et al
Case No.: 1:19-cv-10567

Dear Judge Lehrburger,

To remind the Court, respectfully, I represent Plaintiff Dino Antolini in this matter. Pursuant to your Individual Practices In Civil Cases Sec. III Motions A., Plaintiff files the instant Motion to strike the pleadings of defendants Sebastian Pourrat and Soseb LLC.

Despite the numerous applications to your Honor seeking extensions, the latest order of this Court held their discovery responses due June 8, 2020, [DE 53 and 64]. They have not only ignored it, but have unilaterally granted themselves more time. It appears their license to do so is based on a scheduling conference coming up with you to discuss discovery regarding the third- party defendant who just appeared in this matter.

For the never-ending stonewalling to be self-countenanced by these two defendants is just plain wrong. The constant and never-ending obstruction by them and their counsel is at this point in time is intolerable.

As the Court is aware, Rule 37(b) (2) (A), (C) of the Federal Rules of Civil Procedure states: "(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent-or a witness designated under Rule 30(b)(6) or 31(a)(4)- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i)      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)    striking pleadings in whole or in part;
(iv)    staying further proceedings until the order is obeyed;
(v)     dismissing the action or proceeding in whole or in part;
(vi)    rendering a default judgment against the disobedient party; or
(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination ...

STUART H. FINKELSTEIN, ESQ.

(C) Payment of Expenses. Instead of or in addition to the orders above, the Court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

There is no reasonable excuse and certainly no meritorious argument, at law, to justify or validate this obstructionist behavior.

Therefore, respectfully, Plaintiff seeks his remedies available at law including but not limited to the striking of the Defendants' pleadings in whole.

I remain, respectfully,

Very truly yours,

Stuart H. Finkelstein

Plaintiff's motion to strike is denied as stated during the Discovery Conference held before the Court on June 17, 2020. The parties must meet and confer and follow the individual rules of this Court before bringing any motion; however, any dispositive motions shall adhere to rules of and be directed to the District Judge.

SO ORDERED:

6/17/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

SHF/tc
To all counsel of record via ECF

-2-