# SIMMONS JANNACE DeLUCA, LLP

### ATTORNEYS AT LAW
### 43 CORPORATE DRIVE
### HAUPPAUGE, NEW YORK 11788-2048
### (631) 873-4888
### FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLuca∆
Allison C. Leibowitz
Stacey Ramis Nigro

Daniel P. Borbet
Katherine R. Cutrone
Irina Feferman*
Ian E. Hannon
Sally Kassim-Schaefer
Michael C. Lamendola*
Daniel J. Solinsky

Counsel

Susan B. Jannace
Ross M. Chinitz∆

*Also Admitted NJ
∆Also Admitted CT

June 22, 2020

Judge Robert W. Lehrburger
Southern District of New York
500 Pearl Street-Courtroom 18D
New York, New York 10007

Re:   Antolini v. 110 Thompson St. Owners Corp., et al., Case No.: 1:19-cv-10567

Dear Honorable Lehrburger:

We represent Third Party Defendant Perry Thompson Third, LLC. Pursuant to the Court's directive of June 17, 2020, the instant motion seeks to stay this action, or discontinue it entirely, as Mr. Finkelstein is prohibited from prosecuting the instant action by virtue of the conditions of his bail release in the criminal case against him under Docket 1:19-mj-10645. Based on the overwhelming evidence, and pattern of continued misconduct by Mr. Finkelstein in connection with ADA cases, we believe it is incumbent upon the Court to conduct an independent investigation to determine whether Mr. Finkelstein is committing another fraud upon the Court by prosecuting this action (as well his other ADA).

The criminal complaint against Mr. Finkelstein was filed on November 12, 2019, charging Mr. Finkelstein with violations of Title 18, United States Code, Sections 1341, 1028A, 1512 and 1623 (1 count of mail fraud, 1 count of aggravated identity theft, 2 counts of obstruction of justice and 2 counts of false declarations before the court). See Exhibit "1." The criminal complaint details criminal conduct, from in or about October 2013 to May 2019, in the SDNY and elsewhere, wherein Mr. Finkelstein commenced hundreds of ADA cases on behalf of individuals who neither authorized those lawsuits nor visited those establishments, in order to obtain cash payments for himself. See Exhibit "1." The criminal complaint alleges that Mr. Finkelstein filed over 300 fraudulent lawsuits pursuant to the Americans with Disabilities Act against various pubic establishments in Florida and New York on behalf of two purported plaintiffs who he had no authority to represent. Mr. Finkelstein is charged with recovering approximately $930,000 in legal fees from those cases. See Exhibit "1." Mr. Finkelstein is out on $150,000 bail with several travel and other restrictions/supervision in place as of December 3, 2019. Upon information and belief, Mr. Finkelstein was first arrested in October of 2019 in Florida (Dkt. 19-6549-Hunt(U.S.D.C., S.D.FL.)), which was then transferred to the SDNY when the criminal complaint was unsealed on November 19, 2019. As such, Mr. Finkelstein knew of the charges as early as October 2019, if not earlier, yet continued to file ADA lawsuits. The special conditions of his bail release, which he signed on November 19, 2019, specifically include "no practicing of ADA law." See Exhibit "2." The bond release Mr. Finkelstein then signed in New York on December 3, 2019, included the additional prohibition against "bringing any new ADA cases." See Exhibit "3." Mr. Finkelstein commenced this action a mere two days after the criminal complaint was filed and just nineteen (19) days before he signed the bail

Judge Robert W. Lehrburger
June 22, 2020
Page 2

release agreeing not practice or bring any ADA lawsuits. One would have to assume that Mr. Finkelstein was aware of the bail release conditions about to be imposed prior to actually signing the form, yet, he brought this action after the criminal complaint was filed and he is still "practicing ADA lawsuits" in violation of his bail release. Accordingly, this action should be immediately discontinued in its entirety, or at the very least, stayed pending the outcome of the criminal action based on the intent, spirit and express prohibitions contained in the appearance bonds.

This is not Mr. Finkelstein's first involvement with improper and unethical conduct. In or around February 13, 2007, based on an investigation into his misconduct, Mr. Finkelstein voluntarily resigned from the practice of law and was disbarred for seven years. See Exhibit "1." He was reinstated to the practice on or around March 16, 2016, yet it is now alleged he falsely claimed he was not practicing law during his disbarment and that he made false representations in his application for reinstatement. See Exhibit "1." His license to practice law in this State is therefore in serious question.

The criminal complaint states that Mr. Finkelstein filed these 300 plus ADA complaints alleging that the plaintiff named in his complaints attempted to visit public establishments but were unable to do so because of the alleged noncompliance with the ADA. He sought attorneys' fees and injunctive relief in all of those cases, as he does in this case. Apparently, these two victims of Mr. Finkelstein's fraudulent scheme never attempted to visit these establishments nor retained Mr. Finkelstein to sue on their behalf. See Exhibit "1." The complaint describes detailed events of disturbing criminal conduct, including Mr. Finkelstein obstructing official judicial proceedings and then settling those fake lawsuits in order to collect fees for himself. See Exhibit "1. Interestingly, the complaint also states that during these fake ADA lawsuits he commenced, Mr. Finkelstein provided power of attorney forms with medical releases, forged medical releases that were never signed by the plaintiffs, and even threatened to divulge confidential information about one of the fake plaintiffs if he did not appear with Mr. Finkelstein at a court mandated conference. See Exhibit "1." The complaint identifies that Mr. Finkelstein directed one of those victim plaintiffs to appear in a wheelchair, even though he did not use one, and that Mr. Finkelstein paid for the purchase of the wheelchair, and then actually gave that plaintiff cash after the conference. See Exhibit "1." I am told that in this case, Mr. Finkelstein also signed the medical release on behalf of Mr. Antolini purportedly subject to a limited power of attorney, without actually producing any power of attorney. See Exhibit "4." This too seems consistent with Mr. Finkelstein's fraudulent pattern and practice that is the subject of the criminal complaint.

The detailed description of Mr. Finkelstein's conduct as it relates to these ADA lawsuits is quite disturbing and too lengthy to detail in this motion, which was limited by the Court to three pages and three days. It is therefore, respectfully requested that the Court analyze the criminal complaint in connection with this motion and all of the similar allegations raised in Mr. Finkelstein's pending ADA cases, and conduct an independent investigation. Similar concerns have been raised in other actions pending in this Court, which is simply too voluminous to detail in this limited motion. However, motions brought in *Antolini v. Rosenbloom,* Dkt # 1:19-cv-06264, describe the ongoing transgressions of Mr. Finkelstein in numerous ADA matters pending before the Court, and call into question his current character and fitness to practice law and similar fraudulent conduct before this Court. See Exhibit "5." We respectfully beg this Honorable Court to review the full set of motion papers in the *Rosenbloom* action as part of the instant application for similar relief. It appears Mr. Finkelstein has already been reported to the NYS Grievance Committee by Justices in ADA cases before this Court. See Exhibit "6."[1]

---

[1] Admittedly, the world of cases, motions, and orders surrounding Mr. Finkelstein's ADA filings and improper conduct is too vast to fully research in the limited time constraints placed by the Court on this motion and therefore, this is not intended to be exhaustive.

Judge Robert W. Lehrburger
June 22, 2020
Page 3

In this action, plaintiff's counsel similarly alleges in a complaint **signed by counsel only**, and not verified by plaintiff, that plaintiff attempted to visit but could not gain access to a certain restaurant in New York City. Mr. Finkelstein brought dozens of these cases on behalf of this particular plaintiff with complaints that are virtually identical. In fact, they seem to contain the same eight purported allegations of inaccessibility, even referring to purported "end caps" inside the premises as alleged barriers. No store was operating at the premises and a restaurant would not have "end caps." These form complaints are clearly "cut and paste" containing glaring consistencies and patterns as those that are the subject of the criminal action against him, triggering the need for a full investigation by this Honorable Court.

In this action, issues have already been raised as to whether Mr. Antolini even exists and actually authorized Mr. Finkelstein to commence this action on his behalf. In response, after being directed by the Court to produce proof by affidavit or declaration, Mr. Finkelstein apparently produced an unsworn, purported "declaration" appearing to contain a signature of "Dino Antolini" but it is not notarized or accompanied by any actual proof that plaintiff signed the document. See Exhibit "7." It is wholly insufficient and fails to put to rest the multitude of evidence of misconduct and improper representation. At the very least, a full hearing should have been held.

A stay of civil proceedings is proper where there are special circumstances and the need to avoid substantial and irreparable harm. *Stamile v. County of Nassau*, 2011 U.S. Dist. LEXIS 18697(E.D.N.Y. January 31, 2011). The factors that should be considered by the court are 1) the extent of the overlap between the issues in the criminal case and the civil case; 2) the status of the criminal case; 3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice cased to plaintiff by any delay; 4) the private interests of and burden to the defendants; 5) the interests of the courts and 6) the public interest (in the fair administration of justice). *Stamile v. County of Nassau*, 2011 U.S. Dist. LEXIS 18697(E.D.N.Y. January 31, 2011)(motion to stay granted as delay would not result in serious or immediate injury); *Okoli v. County of Nassau*, 2015 U.S. Dist. LEXIS 163608 (E.D.N.Y. December 7, 2015(stay granted even though issues do not completely overlap). The filing of a felony complaint has been found to be the substantial equivalent of an indictment for purposes of these motions. *Stamile v. County of Nassau*, 2011 U.S. Dist. LEXIS 18697(E.D.N.Y. January 31, 2011)

In addition to this case being brought and prosecuted in violation of the conditions of Mr. Finkelstein's bail release, this motion should be granted in the interests of justice. Nothing can be more serious that the allegations of criminal conduct against Mr. Finkelstein, the interference and obstruction with the courts, and violating the most sacred trust amongst attorneys and their clients. In light of the seriousness and overwhelming evidence, the similarities of the instant ADA case, as well as the clear bail conditions prohibiting him from bringing or practicing any ADA lawsuits, the consequences of not staying this action are irreparable and a miscarriage of justice. There is no prejudice whatsoever to plaintiff, if he exists and if he actually authorized and retained Mr. Finkelstein to represent him in this action, as the purpose of ADA cases is to remedy any actual barriers, (when readily achievable to do so under the applicable statute), to permit individuals with disabilities to access the place of public accommodation in the future. The subject restaurant in this case has been permanently closed and is therefore not open to the public for business. See Exhibit "8." There is a great interest in preventing Mr. Finkelstein from possibly perpetuating another fraud upon the Court and the defendants, which cannot be cured after the fact. If this plaintiff is another "victim" of Mr. Finkelstein's fraudulent conduct, or worse, an accomplice, justice requires a stay pending the conclusion of the criminal case. Defendants should not be compelled to incur tens of thousands of dollars defending a case that Mr. Finkelstein is without authority to commence and was barred from prosecuting as a condition to his bail release.

Judge Robert W. Lehrburger
June 22, 2020
Page 4

The court is respectfully requested to grant a stay of this proceeding pending resolution of the criminal case against Mr. Finkelstein or a dismissal of the action in its entirety.

Very truly yours,

SIMMONS JANNACE DELUCA, LLP

s/ *Stacey Ramis Nigro*

Stacey Ramis Nigro

SRN/yq

ccs:
TO:     WARD LAW, LLC
        Attorneys for Defendants
        SEBASTIAN POURRAT
        bbrownstein@thewardlaw.com

        FINKELSTEIN LAW GROUP PLLC
        Attorneys for Plaintiff
        DINO ANTOLINI
        finkelsteinlawgroup@gmail.com

        BRAVERMAN & GREENSPAN P.C.
        Attorneys for Defendants
        110 THOMPSON ST OWNERS CORP.
        And LYNNE KANTER
        atheodosiou@braverlaw.net

573427