USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DINO ANTOLINI,

                 Plaintiff,

     - against -

LYNNE KANTER, 110 THOMPSON ST
OWNERS CORP., SEBASTIAN POURRAT,
and SOSEB LLC,

                 Defendants.
------------------------------------------------------------X

19-CV-10567 (PGG) (RWL)

**REPORT AND RECOMMENDATION
TO HON. PAUL G. GARDEPHE:
<u>MOTION TO DISMISS</u>**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      Plaintiff Dino Anotolini ("Plaintiff") filed this action against Soseb LLC ("Soseb") and Sebastien Pourrat ("Pourrat") (together, the "Tenant Defendants"), and 110 Thompson St Owners Corp. ("110 Thompson") and Lynne Kanter ("Kanter") (together, the "Landlord Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (the "ADA"), the New York City Human Rights Law (the "NYCHRL"), the New York State Human Rights Law (the "NYSHRL"), and state law negligence principles based on Defendants' alleged failure to remove or remediate physical barriers to access for persons in wheelchairs in violation of Title III of the ADA. The Tenant Defendants operated a restaurant at 110 Thompson Street in New York City that permanently closed after the lawsuit was filed. Arguing that their restaurant's demise moots the case and deprives the Court of subject matter jurisdiction, the Tenant Defendants seek dismissal of the action. For the reasons set forth below, I recommend that the Tenant Defendants' motion be GRANTED IN PART and DENIED IN PART such that all claims against the Tenant Defendants should be

dismissed without prejudice, while claims against the Landlord Defendants should not be dismissed.

## Factual Background

Plaintiff, who uses a wheelchair, claims he unsuccessfully attempted to enter the premises at 110 Thompson Street in New York City. (Complaint, Dkt. 1 ("Compl."), ¶¶ 6, 17, 35.) He alleges that the Landlord Defendants own and lease the property at 110 Thompson Street. (*Id.* ¶¶ 7, 9.) He further alleges that the Tenant Defendants lease the property at 110 Thompson Street (*id.* ¶¶ 9-10) where they operate a place of public accommodation; namely, a restaurant called Cocotte (*id.* ¶¶ 11-12). Plaintiff asserts that the property at issue contains assorted architectural barriers to access for persons with wheelchairs. (*Id.* ¶¶ 13, 22.)

Plaintiff filed this action on November 14, 2019, asserting that both the Tenant Defendants and Landlord Defendants are liable for violation of the ADA, the NYSHRL, the NYCHRL, and also for common law negligence. (Dkt. 1.) The ADA claim is the only federal law claim. Plaintiff seeks injunctive relief, damages under state law, and attorneys' fees and costs. (*Id.* ¶¶ 86-90.) The Tenant Defendants answered on December 20, 2019. (Dkt. 22.) The Landlord Defendants also answered, and 110 Thompson asserted cross-claims against Soseb alleging breach of contract, indemnification, and contribution. (Dkt. 23.) In turn, Soseb asserted similar cross-claims against 110 Thompson. (Dkt. 25) In addition, Soseb filed a third-party complaint against Perry Thompson Third, LLC ("Perry"). (Dkt. 31.) As alleged in the third-party complaint, 110 Thompson is the successor tenant to Perry. (*Id.* ¶ 7.) Accordingly,

Soseb asserted claims for breach of contract, indemnification, and contribution against Perry.  (*Id.* ¶¶ 11-16.)

**Procedural Background**

On June 24, 2020, the Tenant Defendants filed a letter requesting a pre-motion conference to discuss their proposed motion to dismiss.  (Dkt. 82.)  The letter was accompanied by a declaration from Pourrat dated June 19, 2020, stating that the Cocotte Restaurant had closed permanently and that Soseb had no intentions to reopen the restaurant.  (*Id.*, Ex. A.)  The Tenant Defendants argued that the sole federal claim against them was therefore moot and that the Court should abstain from exercising pendent jurisdiction.  (Dkt. 82.)

Plaintiff opposed, arguing that Pourrat's declaration was not sufficient to moot the case because Pourrat was only one of four "operators" of the restaurant, his declaration did not affirm that they would never again open up a restaurant at the same location, and it did not indicate that the Tenant Defendants surrendered their liquor license.  (Dkt. 88 at 1-2.)  Over the next couple months, the parties filed additional letters on the subject, and Pourrat submitted updated declarations.

In his most recent such declaration dated September 1, 2020, Pourrat represented that he was the majority owner of the restaurant, is the majority owner of Soseb; that Sofie Roelens is a minority owner of Soseb; and that two other persons, who once held an ownership interest, no longer had ownership in either the restaurant or Soseb.  (Dkt. 94, Ex. A ("Pourrat Decl."), ¶¶ 1-3.)  Pourrat further represented that the restaurant had ceased operations and closed permanently on June 14, 2020, due to the COVID-19 pandemic; that the only owners at the time of closure were Soseb, Pourrat,

3

and Roelens, none of whom intended to reopen any restaurant at 110 Thompson Street; that Soseb, Pourrat, and Roelens had permanently vacated the premises; and that the relevant lease agreement had been terminated. (*Id.* ¶¶ 4-10.)

The parties have consented for the undersigned to issue a report and recommendation based on the correspondence that has been filed without further briefing. (Dkts. 100-102, 104.)

## Discussion

The Tenant Defendants have provided sufficient evidence to moot Plaintiff's federal claim against them. Accordingly, that claim should be dismissed without prejudice for lack of federal subject matter jurisdiction. In addition, the Court should exercise its discretion to dismiss without prejudice the state law claims against the Tenant Defendants. Plaintiff's claims against the Landlord Defendants, however, have not been rendered moot. Accordingly, the motion should be denied insofar as it seeks dismissal with respect to the Landlord Defendants.

**A.    Subject Matter Jurisdiction and Mootness**

Ordinarily, a federal court has original subject matter jurisdiction over an ADA claim such as that alleged by Plaintiff. *See* 28 U.S.C. §§ 1331 (granting federal courts original jurisdiction over claims arising under federal law) and 1343 (granting federal courts original jurisdiction over civil rights claims). When a case becomes moot, however, the federal courts are deprived of subject matter jurisdiction over the action because there is no longer a case or controversy as required by Article III of the Constitution. *Doyle v. Midland Credit Management, Inc.*, 722 F.3d 78, 80 (2d Cir. 2013).

4

"A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* at 91 (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)).

One way in which a case may become moot is when the defendant provides proof that it has permanently ceased the offending conduct. To determine if a matter is moot, the ultimate question is, "Could the allegedly wrongful behavior reasonably be expected to recur?" *Id.* at 92. The burden to demonstrate mootness is not a light one: "a [party] claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 91 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

B.   **The ADA Claim Against the Tenant Defendants**

Tenant Defendants have met their formidable burden to demonstrate that the only federal claim asserted against them is moot.

The only federal claim asserted by Plaintiff is a violation of the ADA. It is well-settled, however, that a private plaintiff suing under the ADA "may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages." *Powell v. National Board of Medical Examiners*, 364 F.3d 79, 86 (2d Cir. 2004); *see also*

*Brief v. Albert Einstein College of Medicine*, 423 F. App'x 88, 90 (2d Cir. 2011) (summary order) (Title III of the ADA "allows only for injunctive relief"). Accordingly, if injunctive relief is no longer available to Plaintiff, then his federal claim is moot.

That is precisely the situation here. The September 1, 2020 Pourrat Declaration affirms unequivocally that the restaurant owned and operated by the Tenant Defendants at 110 Thompson Street has closed permanently; that their lease has been terminated; and that they have permanently vacated the premises. (Pourrat Decl. ¶¶ 5, 8-10.) The affirmation is unequivocal, making it "absolutely clear" that the Tenant Defendants cannot reasonably be expected to commit the same alleged violation at 110 Thompson Street – the property that Plaintiff claims is not ADA compliant.

The Chief Judge of this District recently came to the same conclusion in a similar case. *Dunbar v. Empire Szechuan Noodle House Inc.*, No. 18-CV-9625, 2020 WL 2132339 (S.D.N.Y. May 5, 2020). In *Dunbar*, the plaintiff claimed that a restaurant was not wheelchair accessible. He sued the restaurant tenants and landlord for violations of the ADA and state law. After the litigation began, the landlord evicted the defendant restaurant as a result of which the restaurant closed. *Id.* at *1. The court readily held that the federal claim "became moot when [the restaurant] vacated the premises." *Id.* at *3. Accordingly, the court dismissed the claim against the tenant defendants. *Id.*; *see also Flint v. Atlantic Networks, LLC*, No. 18-CV-5534, 2020 WL 2393803, at *1 (E.D.N.Y. Feb. 28, 2020) (granting motion to dismiss based on mootness where "either remediation has been completed or cannot be completed because the restaurant closed" and Plaintiff did not oppose motion); *Thomas v. Grunberg 77 LLC*, No. 15-CV-1925, 2017 WL 3225989, at *2 (S.D.N.Y. July 5, 2017), (dismissing claims against

6

restaurant tenant as moot where all parties agreed that "plaintiff's sole federal claim, brought for injunctive relief under the ADA, became moot when [the restaurant] closed and the Tenant vacated the premises"), *R. & R. adopted*, 2017 WL 3263141 (S.D.N.Y. July 28, 2017); *Charnoff v. Baldwin Realty Group, Inc.*, 803 N.Y.S.2d 17 (Table), 2005 WL 1875739, at *3 (Sup. Ct. June 30, 2005) (dismissing ADA claim because the "defendant has submitted an affidavit establishing that the [ ] business is closed and the building is currently vacant").

Plaintiff's arguments in opposition are without merit. Plaintiff either quibbles about non-material facts or relies on his own speculation. Plaintiff thus faults the Tenant Defendants for not confirming that restaurant equipment has been sold (as if Plaintiff were obligated to explain every detail of what was involved in closing the restaurant and vacating the premises), or for not providing additional declarations from other persons (including prior owners who have not been owners of Soseb or the Cocotte Restaurant for years) despite the fact that the Pourrat Declaration explains the status of those other persons vis-à-vis Soseb and the restaurant.  (Dkt. 99.)

Plaintiff points to liquor license information appearing on the state liquor authority's website as of September 6, 2020, speculating about its significance and ignoring that there are many potential reasons why the administrative task of removing the license information from the website had not yet occurred (assuming that that is even what is supposed to happen when a restaurant vacates the premises). (*Id.* at 1-2.) Plaintiff also notes that the restaurant received a "Coronavirus bailout," even though that says nothing about whether or not the restaurant was able to remain afloat, which apparently it did not. (*Id.* at 2.) At bottom, the Pourrat Declaration averring that the

Tenant Defendants have permanently closed the restaurant and vacated the premises remains unrebutted.  And even if Plaintiff were correct that the Tenant Defendants may open another restaurant at some other location, Plaintiff's claim would still be moot as his allegations concern access to only 110 Thompson Street, not any other location.  Plaintiff's sole federal claim against the Tenant Defendants is moot and subject to dismissal.

**C.     The State Law Claims Against the Tenant Defendants**

When related state or local law claims accompany a federal claim, a federal court has supplemental jurisdiction over the state law claims.  See 28 U.S.C. § 1367(a).  But when the court has dismissed all claims over which it had original jurisdiction, the court "may decline to exercise supplemental jurisdiction" over the state law claims.  28 U.S.C. § 1367(c)(3).  The supplemental jurisdiction statute "is phrased in discretionary terms, and there is no 'mandatory rule to be applied inflexibly in all cases.'"  *Thomas*, 2017 WL 3225989, at *3 (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  But when, as here, "all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon University*, 484 U.S. at 350 n.7; *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

Indeed, the courts in both *Dunbar* and *Thomas* exercised their discretion to dismiss the state law claims against the tenant defendants after dismissing the federal

ADA injunctive claim. *Dunbar*, 2020 WL 2132339, at *4; *Thomas*, 2017 WL 3225989, at *3. There is no reason for any different result here. Upon dismissal of the only federal claim against the Tenant Defendants, the Court should decline to exercise supplemental jurisdiction over the state and local law claims against the Tenant Defendants as well.

### D.     The Claims Against the Landlord Defendants

The Landlord Defendants have not filed their own request for dismissal. The Tenant Defendants, however, have asserted their request for relief broadly, seeking dismissal of "all claims" alleged in the Complaint. (Dkt. 82 at 1.) To the extent the Tenant Defendants requested relief encompasses claims against the Landlord Defendants, that request should be denied. Although the Tenant Defendants no longer have anything to do with the premises at 110 Thompson Street, the Landlord Defendants remain in control of the property, and they have not represented that they will not in the future lease the space to a place of public accommodation. Accordingly, Plaintiff's ADA claim against the Landlord Defendants is not moot. *See Dunbar*, 2020 WL 2132339, at *4 (denying dismissal as to landlord and stating that "[t]he landlord is always liable for ADA compliance"); *but see Thomas*, 2017 WL 3225989, at *3 (dismissing claims against both tenant and landlord without analyzing the claims against the landlord).

### Conclusion

For the reasons stated above, the Tenant Defendants' motion to dismiss should be GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's claims against the Tenant Defendants should be dismissed without prejudice; Plaintiff's claims against the Landlord Defendants should not be dismissed.

**Procedures for Filing Objections**

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Paul G. Gardephe, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, New York, New York 10007.  **FAILURE TO FILE TIMELY OBJECTIONS WILL RESULT IN WAIVER OF OBJECTIONS AND PRECLUDE APPELLATE REVIEW.**

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 28, 2020
　　　　New York, New York

Copies transmitted this date to all counsel of record.