UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DINO ANTOLINI,

      Plaintiff,

- against -

LYNNE KANTER, 110 THOMPSON ST. OWNERS CORP., SEBASTIAN POURRAT and SOSEB LLC,

      Defendants.

---

SOSEB LLC,

      Defendant/Third-Party Plaintiff,

- against -

PERRY THOMPSON THIRD, LLC,

      Third-Party Defendant.

---

**ORDER**

19 Civ. 10567 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

    Plaintiff Dino Antolini, a wheelchair user, brings claims for violations of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law, as well as negligence claims, against Defendants Lynne Kanter and 110 Thompson St. Owners Corp. (the "Landlord Defendants") and Defendants Sebastian Pourrat and Soseb LLC (the "Tenant Defendants").[1] The Tenant Defendants owned and

---

[1] Plaintiff is represented in this action by Attorney Stuart Finkelstein. Finkelstein is a defendant in a criminal case before this Court, United States v. Finkelstein, 21 Cr. 217 (PGG). This Court sees no basis to recuse itself from the instant case, nor has any party sought recusal. The charges against Finkelstein are a matter of public record and thus readily accessible to any judge of this

operated a now-defunct restaurant, Cocotte, in a building owned by the Landlord Defendants. Plaintiff alleges that Defendants failed to remove or remediate physical barriers to access to Cocotte. (Cmplt. (Dkt. No. 1))[2]

The Complaint was filed on November 14, 2019. In a June 24, 2020 letter, the Tenant Defendants requested a pre-motion conference regarding a motion to dismiss. The Tenant Defendants stated that – as a result of the COVID-19 pandemic – Cocotte closed permanently on June 14, 2020, and that accordingly, the claims against the Tenant Defendants were moot. (June 24, 2020 Tenant Def. Ltr. (Dkt. No. 82)) The proposed motion was supported by a June 19, 2020 declaration from Defendant Pourrat, who stated that, inter alia, "Cocotte Restaurant closed permanently on June 14, 2020"; that "Soseb, LLC does not intend to re-open Cocotte Restaurant"; and that "Soseb, LLC intends to vacate the premises at 110 Thompson Street, New York, NY where Cocotte Restaurant had formerly conducted business," and to do so on July 15, 2020. (June 19, 2020 Pourrat Decl. (Dkt. No. 82-1) ¶¶ 3-5) In a second declaration dated September 1, 2020, Pourrat stated that, inter alia, "Soseb, LLC and its owners/operators, Sebastien Pourrat and [non-party] Sofie Roelens, vacated the premises at 110 Thompson Street, New York, NY where Cocotte Restaurant had formerly conducted business on August 12, 2020"; and that "[t]he lease agreement between Perry Thompson Third LLC and Soseb, LLC for the premises at 110 Thompson Street has been terminated." (Sept. 1, 2020 Pourrat Decl. (Dkt. No. 94) ¶¶ 8, 10)

---

court. And at this stage of the proceedings, this Court's knowledge of the criminal case against Finkelstein consists of information that is a matter of public record.

[2] On January 16, 2020, Defendant Soseb filed a Third-Party Complaint against Third-Party Defendant Perry Thompson Third, LLC for breach of contract, indemnification, and contribution. (Dkt. No. 31) Perry Thompson Third counterclaimed against Soseb for indemnity and defense costs on June 4, 2020. (Dkt. No. 65) The claims and counterclaims between Soseb and Perry Thompson Third are not at issue here.

In a September 23, 2020 letter, the parties consented to the Tenant Defendants' motion to dismiss being decided on the basis of the pre-motion letters, without further briefing. (Dkt. No. 104) On September 24, 2020, this Court so-ordered the consent letter and referred the letter motion to Magistrate Judge Lehrburger for a Report and Recommendation ("R&R"). (Dkt. Nos. 105-06) On September 28, 2020, Judge Lehrburger issued a thorough, ten-page R&R recommending that (1) the ADA claims against the Tenant Defendants be dismissed as moot; (2) the Court decline to exercise jurisdiction over the state law claims against the Tenant Defendants; and (3) to the extent the Tenant Defendants seek dismissal of Plaintiff's claims against the Landlord Defendants – who have not moved to dismiss – the Tenant Defendants' motion to dismiss be denied. (R&R (Dkt. No. 107))

In the R&R, Judge Lehrburger advises the parties that they

> have fourteen (14) days to file written objections to this Report and Recommendation. . . . **FAILURE TO FILE TIMELY OBJECTIONS WILL RESULT IN WAIVER OF OBJECTIONS AND PRECLUDE APPELLATE REVIEW**.

(R&R (Dkt No. 107) at 10 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a) and(d)) (emphasis in original))

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Here, no party has filed objections to Magistrate Judge Lehrburger's R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

3

§ 636(b)(1). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 11) at 5-6) – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object" (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

This Court has reviewed Judge Lehrburger's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Lehrburger's R&R (Dkt. No.

107) is adopted in its entirety, and the Tenant Defendants' motion to dismiss (Dkt. No. 82) is (1) granted as to Plaintiff's claims against the Tenant Defendants, and (2) denied as to Plaintiff's claims against the Landlord Defendants.

The Clerk of Court is directed to terminate Sebastian Pourrat and Soseb LLC as Defendants and to terminate the motion (Dkt. No. 82). Soseb LLC's status as a Third-Party Plaintiff and Counter-Defendant shall be unchanged.

Dated: New York, New York
July 25, 2023

SO ORDERED.

_Paula Gardephe_
Paul G. Gardephe
United States District Judge