UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DINO ANTOLINI,

            Plaintiff,

- against -

LYNNE KANTER, 110 THOMPSON ST. OWNERS CORP., SEBASTIAN POURRAT and SOSEB LLC,

            Defendants.

**ORDER**

19 Civ. 10567 (PGG) (RWL)

---

SOSEB LLC,

           Defendant/Third-Party Plaintiff,

- against -

PERRY THOMPSON THIRD, LLC,

           Third-Party Defendant.

---

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Dino Antolini alleges violations of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law, as well as negligence claims, against Defendants Lynne Kanter and 110 Thompson St. Owners Corp. (the "Landlord Defendants") and Defendants Sebastian Pourrat and Soseb LLC (the "Tenant Defendants"). The Tenant Defendants owned and operated Cocotte, a now-defunct

restaurant, in a building owned by the Landlord Defendants. Plaintiff alleges that Defendants failed to remove or remediate physical barriers to access at Cocotte. (Cmplt. (Dkt. No. 1))[1]

The Complaint was filed on November 14, 2019. (Dkt. No. 1) This Court referred the case to Magistrate Judge Lehrburger for general pretrial supervision on November 18, 2019. (Dkt. No. 11)

Defendants moved to dismiss, and on September 24, 2020, this Court referred Defendants' motion to Judge Lehrburger for a Report and Recommendation ("R&R"). (Dkt. No. 106) In a September 28, 2020 R&R, Judge Lehrburger recommended granting Defendants' motion to dismiss as to the Tenant Defendants, and denying Defendants' motion to dismiss as to the Landlord Defendants. (Dkt. No. 107) On July 25, 2023, this Court entered an order adopting Judge Lehrburger's R&R. (Dkt. No. 113)

In a November 29, 2023 order, Judge Lehrburger directed the parties to file a joint status letter by December 8, 2023. (Dkt. No. 115) Plaintiff did not respond to Judge Lehrburger's order. In a December 8, 2023 letter, Defendants advised that Plaintiff's counsel, Stuart H. Finkelstein, had been charged with filing fraudulent ADA lawsuits against various public establishments in New York and Florida on behalf of individuals who neither authorized those lawsuits nor visited those establishments; that Finkelstein had pled guilty to mail fraud; and that his four year term of imprisonment began on November 3, 2023. (Def. Dec. 8, 2023 Ltr. (Dkt. No. 116) at 1-2) Defendants reported that Plaintiff Antolini's identity had not been

---

[1] On January 16, 2020, Defendant Soseb filed a Third-Party Complaint against Third-Party Defendant Perry Thompson Third, LLC for breach of contract, indemnification, and contribution. (Dkt. No. 31) On June 4, 2020, Perry Thompson Third filed counterclaims against Soseb for indemnity and defense costs. (Dkt. No. 65)

2

verified and that "it is possible that Dino Antolini could be another of Mr. Finkelstein's victims or may not even exist." (Id. at 2)

In a December 11, 2023 order, Judge Lehrburger directed Plaintiff to appear on January 11, 2024, and to show cause why this action should not be dismissed with prejudice. (Dkt. No. 117) In the order, Judge Lehrburger states that "Plaintiff's failure to appear will alone be a basis for dismissal." (Id.) Plaintiff did not appear at the January 11, 2024 hearing. (R&R (Dkt. No. 119) at 2)

On January 22, 2024, Judge Lehrburger issued an R&R recommending that this Court dismiss the Complaint with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Id. at 3-5) Judge Lehrburger also recommends that this Court dismiss Defendants' crossclaims and Soseb LLC's third-party claims against Perry Thompson Third, LLC as moot. (Id. at 6)

In the R&R, Judge Lehrburger advises the parties that they

> have fourteen (14) days to file written objections to this Report and Recommendation. . . . Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.

(R&R (Dkt No. 119) at 10 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a) and(d)))

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Here, no party has filed objections to Judge Lehrburger's January 22, 2024 R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>Id.</u>

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (<u>see</u> R&R (Dkt. No. 119) at 6-7) – judicial review has been waived. See <u>DeLeon v. Strack</u>, 234 F.3d 84, 86 (2d Cir. 2000) (a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object" (citing <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989)); <u>see also</u> <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," <u>DeLeon</u>, 234 F.3d at 86 (citing <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. <u>Wingate v. Bloomberg</u>, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing <u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

4

This Court has reviewed Judge Lehrburger's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Lehrburger's R&R (Dkt. No. 119) is adopted in its entirety, and the Complaint is dismissed pursuant to Rule 41(b) for failure to prosecute. Defendants' crossclaims and Soseb LLC's third-party claims are dismissed as moot.

The Clerk of Court is directed to close this case.

Dated: New York, New York
April 10, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

5